# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Mag. No. 24-10000 |
| | : | |
| JOSE GONZALEZ, | : | **CRIMINAL COMPLAINT** |
| DONALD VINALES, AND | : | |
| LORENZO BOWDEN | : | |

I, Anthony Bellitti, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

*Anthony Bellitti*
Anthony Bellitti
Special Agent
Federal Bureau of Investigation

Special Agent Bellitti attested
to this Complaint by telephone
pursuant to FRCP 4.1(b)(2)(A) on
January 16, 2024 in the
District of New Jersey

HONORABLE MICHAEL A. HAMMER  *Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE  Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Deprivation of Rights Under Color of Law)

On or about January 23, 2021, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**JOSE GONZALEZ, AND
DONALD VINALES,**

while acting under color of law, and aiding and abetting each other, willfully subjected Victim-1 to the deprivation of the right, protected and secured by the Constitution and laws of the United States, to due process of law, which includes the right of a pretrial detainee to be free from the use of unreasonable force by a person acting under color of law. This offense resulted in bodily injury to Victim-1.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT TWO
(Deprivation of Rights Under Color of Law)

On or about January 23, 2021, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**LORENZO BOWDEN**

while acting under color of law, willfully subjected Victim-1 to the deprivation of the right, protected and secured by the Constitution and laws of the United States, to due process of law, which includes the right of a pretrial detainee to be free from the use of unreasonable force by a person acting under color of law. Specifically, BOWDEN willfully failed to intervene to stop GONZALEZ and VINALES from using unreasonable force against Victim-1, despite the opportunity to do so. This offense resulted in bodily injury to Victim-1.

In violation of Title 18, United States Code, Sections 242.

## COUNT THREE
(Conspiracy to Obstruct Justice)

Between in or around March 2022 through in or around October 2022, in the District of New Jersey, and elsewhere, defendant

**JOSE GONZALEZ,
DONALD VINALES, AND
LORENZO BOWDEN**

knowingly and willfully conspired and agreed to knowingly and corruptly persuade, attempt to corruptly persuade, and engage in misleading conduct toward another person, with intent to hinder, delay or prevent the communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense, contrary to Title 18, United States Code, Section 1512(b)(3).

In violation of Title 18, United States Code, Section 1512(k).

## **COUNT FOUR**
(False Statements)

On or about October 18, 2022, in Essex County, in the District of New Jersey, and elsewhere, defendant

**LORENZO BOWDEN,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, as set forth in paragraph 14 of this Complaint, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely a criminal investigation conducted by the United States Department of Justice and the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Section 1001(a)(2).

## **ATTACHMENT B**

     I, Anthony Bellitti, am a Special Agent with the Federal Bureau of Investigation. I am aware of the facts contained herein based upon interviews and briefings with other law enforcement officers and interviews of witnesses. I also have reviewed other evidence, including surveillance video, reports, and medical records. Because this complaint is being submitted for the limited purpose of establishing probable cause, I have not set forth herein each and every fact that I know or that has been told to me concerning this investigation. Unless specifically indicated, any statements herein attributed to individuals are set forth in substance and in part and all numbers and dates are approximate.

## **Background**

1. At times relevant to this Complaint:

    a. Defendant Lorenzo Bowden ("BOWDEN") was a Correctional Officer employed at the Passaic County Jail ("PCJ") in Paterson, New Jersey.

    b. Defendants Jose Gonzalez ("GONZALEZ") and Donald Vinales ("VINALES") were Sergeants employed at the PCJ.

    c. Officer-1, Officer-2 and Officer-3 were Correctional Officers employed at the PCJ. Officer-4 was a Sergeant employed at the PCJ.

    d. Victim-1 was a pretrial detainee housed at the PCJ. Victim-1 had been charged by the Passaic County Prosecutor's Office in the Superior Court of New Jersey with firearm possession-related offenses.

2. During the course of this investigation, law enforcement learned that the PCJ contains video surveillance cameras throughout the facility. However, there are certain areas within the PCJ that are not captured by video surveillance cameras. Correctional Officers and inmates at the PCJ have referred to those areas as "blind spots" ("blind spots").

3. On or about January 22, 2021, while in his pretrial detention cell, Victim-1 splashed a mixture containing urine onto Officer-1, among other officers.

**The Assault**

4.     The following day, on or about January 23, 2021, GONZALEZ, VINALES, BOWDEN, Officer-2 and Officer-4 escorted Victim-1 from Victim-1's cell to the PCJ's medical unit.

5.     Video surveillance footage of the route between Victim-1's cell and the PCJ's medical unit revealed that GONZALEZ, VINALES, BOWDEN, Officer-2 and Officer-4 escorted Victim-1, who was handcuffed, through an area that did not have a video surveillance camera (one of the "blind spots"). Video surveillance footage further revealed that the walk through that blind spot lasted for approximately 20 seconds.

6.     After Victim-1 met with medical staff in the medical unit for approximately one minute, GONZALEZ, VINALES, BOWDEN, Officer-2 and Officer-4 escorted Victim-1, who was handcuffed, back to Victim-1's cell area.

7.     Video surveillance footage of the walk from the medical unit to Victim-1's cell area revealed that the group traveled through the same above-referenced blind spot. This time, as revealed by video surveillance footage, the walk lasted approximately 75 seconds, which is approximately 55 seconds longer than the previous walk through the blind spot.

8.     During the approximate 75-second gap in video footage, GONZALEZ and VINALES began assaulting Victim-1. GONZALEZ knocked Victim-1 to the ground, and thereafter, GONZALEZ and VINALES struck Victim-1, causing injury. As GONZALEZ and VINALES struck Victim-1, BOWDEN, Officer-2 and Officer-4 watched the assault take place and took no action to intervene in the assault.

9.     The Passaic County Sheriff's Office Use of Force policies and procedures pertaining to institutional operations, including at the PCJ, was effective May 10, 2010 and revised on May 11, 2018. It specified, among other things, that "[u]se of force as punishment" is "prohibited"; that if inmates are subjected to use of force, "[t]he officer(s) shall as soon as practical, transport the inmate to the Medical Department to be assessed, and treated by medical staff"; and that "[f]ollowing the use of physical force, written reports shall be prepared and completed before the completion of the tour of duty by the custody staff members involved." According to PCJ training records, GONZALEZ, VINALES, and BOWDEN all have received training on the "Use of Force" policy during their employment at the PCJ.

10.    GONZALEZ and VINALES violated the "Use of Force" Policy by using force to punish Victim-1 because Victim-1 had splashed a substance onto Officer-1, among other officers. Additionally, GONZALEZ, VINALES and

BOWDEN violated the "Use of Force" Policy in at least the following ways: (1) they did not provide medical attention to Victim-1 after GONZALEZ and VINALES assaulted Victim-1; and (2) they did not write any reports documenting the use of force.

11. On January 24, 2021, Victim-1 was taken to a local hospital, which documented injuries from the assault.

## The Conspiracy To Obstruct Justice

12. In or around late March 2022, Special Agents of the Federal Bureau of Investigation ("FBI") served subpoenas on behalf of a federal grand jury that was investigating the assault. On or about April 18, 2022, BOWDEN initiated a group text message chain (the "Group Text Chain") involving GONZALEZ, VINALES and BOWDEN, among others. In the Group Text Chain, BOWDEN scheduled a meeting to discuss, in substance and in part, the federal investigation.

13. On or about April 20, 2022, GONZALEZ, VINALES, BOWDEN, Officer-2, Officer-3 and Officer-4 met outside of a gym in Wayne, New Jersey to discuss the federal investigation. During that meeting, some of those who were present stated, in substance and part, that everyone should keep their mouths shut and should say that nothing had happened to Victim-1 (referring to the assault).

14. On or about October 18, 2022, defendant BOWDEN was interviewed (the "October 18th Interview") by Special Agents of the FBI, in the presence of his attorney, regarding the January 23, 2021 assault of Victim-1. During the October 18th Interview, Special Agents of the FBI advised BOWDEN multiple time to be truthful and that lying to the FBI was a crime. During that interview, defendant BOWDEN falsely stated multiple times that he and other employees of the PCJ, specifically GONZALEZ, VINALES, Officer-2, Officer-3 and Officer-4, did not meet with each other and did not have any group communications with each other after the FBI had served grand jury subpoenas in late March 2022 in connection with this investigation. Those statements and representations were false because, as defendant BOWDEN then and there knew, he had met with GONZALEZ, VINALES, Officer-2, Officer-3 and Officer-4 regarding the federal investigation into the assault of Victim-1, and had engaged in group communications with GONZALEZ, VINALES, Officer-2, Officer-3 and Officer-4, and another officer, in April 2022 after the FBI had served grand jury subpoenas to GONZALEZ, VINALES, BOWDEN, Officer-2, Officer-3 and Officer-4 in late March 2022 regarding the federal investigation into the assault of Victim-1.